In the Matter of the Judicial Settlement of the Estate of WARD F. BARRETT, Deceased.

Surrogate's Court, Monroe County, September 27, 1929.

*McLean, Duffy & Kaelber* [*Joseph McLean* of counsel], for the executor.

*Harris, Beach & Matson* [*James G. Dale* of counsel], for the legatee.

FEELY, S. For the purpose of building onto a hospital an addition as a memorial to himself, this testator bequeathed to the Infants Summer Hospital the sum of $10,000, "*provided*" within five years of his death, or that of his wife, "an additional $20,000.00 shall be raised for said hospital and shall be given to it for the same purpose; and in the event that such amount is not raised and given, then the entire principal of this bequest, together with any accumulated income, shall revert to and become a part of my residuary estate." The residuary estate is given to the legatees named in the will in the proportion their respective legacies bear to one another.

Toward the close of the five-year period, the hospital succeeded in raising the prescribed $20,000. Meantime there had been intermediate settlements with the other legatees. The executor now brings into court said $10,000 and the interest earned thereon in the meantime, amounting to about $2,500. The question now arises whether the hospital is entitled not only to the $10,000 but also to all the interest it earned during the period mentioned, or whether the hospital, as one of the residuary legatees, takes only its proportionate share of the accrued interest.

There can be no doubt that by raising the $20,000 in time, this legatee qualified itself not only to take this legacy of $10,000 but also established thereby its status as a possible residuary legatee.

It is also clear that at all times the amount of its legacy was fixed and known; and that abundant funds to meet it were at all times ready and available therefor. It was possible for the condition precedent to have been performed by raising the $20,000 before any considerable interest should have accrued on the $10,000. The delay was due solely to the legatee having availed itself of almost all of the five-year period to meet the condition prescribed.

As to ordinary legacies, the common-law rule, making them payable at death, put the executor in default if he withheld payment until he had ascertained and liquidated the estate; and thus the legatee was deemed to have a right to interest on the legacy from the date of death. The injustice of this was corrected by the statute which gave the executor a year to liquidate and make ready for payment; and thereafter such legacies as bore no interest carried interest from and after the end of one year from the date of death or letters, for that date then became the day when they were due and payable. All legacies, however, do not necessarily bear interest. Cases have occurred where the bequest was of a promissory note that had been made " without interest; " and also in the same form, but " payable at my death." Other legacies are indefinite and such that it could not be said, before judicial settlement, just how much each one would receive.

" The legatees whose legacies were subject to diminution could have no right to demand payment of their legacies until the amount thereof had been determined; and the right to interest does not arise until the right to demand accrues." (*Matter of Frankenheimer,* 130 App. Div. 454; *Bank of Niagara* v. *Talbot,* 110 id. 519.)

" When the time for the payment of a legacy is fixed by the will and there are no other controlling considerations, interest is due only from the time designated for payment of the legacy." (28 R. C. L. 354.)

In *Parkhurst* v. *Ginn* (228 Mass. 159, 174) certain legacies were payable " if and when" principal funds became available therefor. Upon proof that in April, 1916, it was first ascertained that more than enough was available, it was held that these legacies should be deemed to bear interest since that date, April, 1916, for the reason that " They became due only upon the happening of the contingency that principal of the estate becomes available therefor after satisfying all prior legatees, absolute and contingent."

The legacy in question here was subject to the condition precedent that the legatee first raise $20,000, which might never have been done; and it rested with the legatee alone as to whether it should be done or not. The executor was in no way bound to help raise it. This general observation would seem to be decisive of the question

in hand, were there not a particular point raised by the counsel for the hospital, that remains for consideration, and it is whether the testator by speaking of the accumulation of interest to go, upon the condition not being met, to the residuary legatees, impliedly intended that upon the condition having been seasonably performed, all the accumulation would go, along with the principal on which it was earned, to this particular legatee alone.

The fact that such a statement was unnecessary where the will contained a general residuary clause might lead one to suspect the intention really was to cover the point which is now in dispute, and that the needless express provision for the case of non-performance found its way into the will by an unconscious transposition of negative for positive in the mind of the draftsman.

That, however, is a mere speculative possibility, without much probability to support it. The will, on its face, is free from doubt, and cannot be reformed. Testator has twice said what he meant should become of this interest, if the condition were not met; by particular terms in this clause, and by general terms in the residuary clause. What else, if anything, he meant to do with it in case of compliance does not appear. If he intended it to go with the principal to the hospital, why did he not say so? The statute requires written expression of his intention, with the result that any silent meaning, if any meaning there were as claimed, or any implied gift of this interest as claimed, would have to be not only correspondingly clear in any case, but unmistakably so where the will contains a general residuary clause. Such residuary clause is presumed to include anything and everything that is not otherwise expressly or validly given by the terms of the will to others than the residuary legatees.

I am of opinion, therefore, this legacy was a gift of $10,000 and no more; and that it was not payable until the prescribed condition had seasonably been met; and that whenever it thus became payable, it then entitled this legatee to demand only the definite sum mentioned; and that all the interest accrued thereon pending the performance of the condition, does not pass to this legatee either as a matter of law, or as an accessory of this non-specific principal; but must be deemed to have been intended to go to the residuary legatees, including this particular legatee for its proportion with the others.

Let the decree to be entered in final settlement of this estate be drawn accordingly.